IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN E. SHAVERS and B.G. PERRY                                      PLAINTIFFS

V.                                                                  CASE NO. 2:05CV202

DWAYNE M. MURRAY et all                                             DEFENDANTS

## ORDER

This cause comes before the Court on the motion of pro se plaintiff B.G. Perry for reconsideration of the Court's June 12, 2006 order transferring this case to the Southern District of Mississippi under venue grounds [67-1]. The motion is actually styled as a "Motion for Rehearing/New Trial Order Granting Transfer For Improper Venue to the Southern District of Mississippi," but the Court interprets the motion to be a motion for reconsideration.

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Texas Instruments, Inc. v. Hyundaie Electronics Industries, Company, Ltd., 50 F.Supp.2d 619, 621 (E.D. Tex. 1999). Such a motion is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." Resolution Trust Corporation v. Holmes, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994).

In its prior order, the Court transferred venue on the grounds that jurisdiction appeared to have been "premised entirely on constitutional issues arising from an abortive attempt by the defendants to depose the plaintiffs in Southaven, Mississippi in connection with plaintiff John Shavers' ongoing involuntary bankruptcy proceeding, In Re: John E. Shavers, Involuntary Bankruptcy Case No. 03-55729 filed in the U.S. District Court for the Southern District of

Mississippi." Now, however, Perry argues that the Court failed to consider an alternative grounds for finding venue within the Northern District – the fact that the property owned by Perry and upon which the plaintiffs have a lien is situated within the Northern District.

Be that as it may, this is not an issue that was properly raised by the plaintiffs in their response to the original motion to dismiss or to transfer venue. Moreover, even if that issue had been before the Court, it would not have altered the Court's opinion. All of the events which gave rise to the instant action (including the lien on Perry's Northern District property) arose from an ongoing action in the Southern District. This Court will not use its authority to interfere with ongoing litigation in another federal court in the manner the plaintiffs' seek. Principles of comity and respect for the federal judicial process preclude such an action.

ACCORDINGLY, the motion for reconsideration [67-1] is DENIED. Furthermore, the defendants' motion for additional time [68-1] is dismissed as moot.

This is the 13th day of July, 2006.

                                                  **/s/ Michael P. Mills**
                                                  **UNITED STATES DISTRICT JUDGE**